IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**RONALD S. MARTIN**                                                 **PETITIONER**
**REG. #16820-057**

**VS.**                     **CASE NO. 2:05CV00090 GH/HDY**

**LINDA SANDERS, WARDEN,**
**FCI FORREST CITY, ARKANSAS,** *et al.*            **RESPONDENTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Ronald S. Martin, in custody at the federal penitentiary in Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges a disciplinary conviction received while housed at the federal penitentiary in Pollock, Louisiana in 2002.

In his petition he alleges that he was charged with aiding, planning, or attempting to encourage others to refuse to work in the prison factory ("UNICOR") where he was assigned. The written notice of the charge was given to the petitioner on October 14, 2002. The incident report recited that on September 12, 2002, Martin "hung a sign in the Unicor inmate restroom

which encouraged other inmates in Unicor to sit at their work station and do nothing.  During the interview process inmate Gillard, Daryl #08333-035, identified you as the individual who he saw hang up the sign in the inmate restroom." See page 7, attachment #3 to docket entry no. 9.  Mr. Martin requested and received a staff representative for the disciplinary hearing, which was conducted on November 18.  He was convicted following the hearing and then requested an amended hearing alleging new evidence had emerged.  On June 20, 2003, the disciplinary hearing officer ("DHO") issued an amended Discipline Hearing Officer Report.  This report, found as attachment 3 to docket entry no. 9, provided as follows:

> Summary of inmate statement:
> You stated you were ready to proceed, stated you understood your rights before the DHO and received a copy of the incident report.  Your requested staff representative was present.  Your witness had been interviewed previously.  Delays encountered in this process; namely an SIS investigation, as well as having the staff rep present at the hearing, had not affected your defense and you opted to proceed.
>
> You told the DHO; you did not hang the sign.  You said you did not see anyone hang the sign.  "They sent it out for handwriting analysis and proved that I did not write it.  The banner did not concern me."
>
> Your staff rep. Mr. Hooks said he checked the video surveillance system several times.  He said you have been involved in keeping him appraised of information within UNICOR.  He acknowledged you were aware of the banner in the bathroom (you are the orderly assigned).  Hooks said you probably could not have advised him of any problem due to too many people around.  He stated that you and Lewis # 03465-079 have argued from day one.
>
> The amended report (6-20-2003) addresses your most recent statement available.  You request a re-hearing due to your belief there is new evidence.  You have presented no new evidence relevant to this matter.  Everything you reference was available at the hearing. Discussion of this evidence occurred during your hearing. Statements taken by you from others are not relevant and are considered to be questionable, at best; as accuracy/factual content.  You solicited these statements after the fact and at your leisure with ample amounts of time to plan your strategy.  Initial statements made by anyone most often have the most factual

evidence; whereas statements made later are thought out and perhaps; fabricated. It is noted there was a significant delay in this amended report due to the fact that the DHO was not included in communications concerning this matter. . .

Henry, UNICOR foreman had been referenced during your statement. You said he could verify that you tried to alert him to a problem in the bathroom (nonverbally). Mr. Henry could not verify this. He said his attention was drawn to the bathroom due to a large number of inmates gathered there. . .

Inmate Gillard # 08333-035 was interviewed separately initially; due to the fact he had stated to Lt. Johnson that you were involved in this matter. Gillard later denied this statement and said he didn't know who was involved in the matter. This information provided was sufficient to your defense and you did not require Gillard's presence at the hearing. . .

In addition to the Incident Report and Investigation, the DHO considered the following documents:
Supporting memorandum from D. Roach, as well as Lt. Johnson,; within the SIS report. Several handwritten statements submitted by inmate Lewis # 03465-079, inmate Phillips # 31158-120, and yourself. Photo of the banner entitled FRAUD-Stealing, carrying away U.S. Currency. . .

Specific evidence relied on to support findings . . . The DHO finds on September 12, 2002, at or about 10:35 a.m., you committed the prohibited act of Aiding, Planning or Attempting to encourage others to Refuse to Work, code 213A. The DHO based the finding on the account of the reporting officer, who attests that after an SIS investigation; you were found to be involved in this incident. You were said to have been involved in a sign being posted in the UNICOR bathroom. This notice encouraged others in UNICOR to sit at their work station and do nothing. During the interview process, inmate Gillard # 08333-035 identified you as the individual who he saw hang up the sign in the inmate restroom.

The notice referenced and attached contains several statements which included; ". . . come together on this issue. We hold the power to change Pollock rules . . . lets all come together like mens." This banner and its content encourages others to participate in a work stoppage in UNICOR.

The DHO based his decision on the evidence provided by the staff member. Lt. Johnson stated you were said to be involved in this matter when inmate Gillard said you hung this sign in the bathroom. It is noted that you told Lt. Johnson that Gillard was the one that hung the banner. You have accused another as to his involvement in order to avoid personal responsibility. Inmate Gillard has stated you asked him to write a BP-8 about the wage situation in UNICOR on September

12, 2002; after you departed the inmate restroom.

Also relied upon was the statement made by John Lewis # -3465-079 which was discussed at the DHO hearing but not included in the previous report. Lewis said he saw you hang the banner in the restroom.

Other inmates interviewed have stated their knowledge of your involvement. Comments included their belief that what you wrote was true but they had other ways of complaining about it; as well as a statement you hung the banner.

You deny writing, hanging or having involvement with the banner; however you have admitted and staff confirmed, you knew the banner was there in the bathroom. This acknowledgment does involve you in the matter. At the very least; you allowed the banner to be exhibited in an area you are responsible for, which aided others in their cause. You have been charged with aiding in this incident. It would be unreasonable to assume you could not have taken some action in the matter; either to remove the banner or advise staff in some way or means that a problem existed in the bathroom. Your statement that you tried to get Mr. Henry's attention that a problem existed in the bathroom could not be verified.

It is apparent the banner was present in the bathroom for quite some time. In fact, the banner had been posted for several hours, perhaps. You admit knowledge of the banner but failed to take action to "distance" yourself from the matter. It is believed you did involve yourself in the incident. The precise part you played may never be identified, but you have definitely aided in the violation, without question.

Your actions were believed to encourage others to consider a work strike within the institution; namely UNICOR. You participated which may have promoted others to support the cause and encourages others to participate in a work strike here.

At no time are you allowed to engage in any type of group demonstration; or a gathering, whereby promotion or participation occurs, which furthers a cause of any sort. This type of behavior is a violation of Bureau of Prisons rules, is perceived as being disruptive, and is clearly not acceptable. Should further conduct of this nature continue, it will once again lead to disciplinary action.

The DHO sentenced Mr. Martin to a loss of 14 days of good conduct time, as well as a

loss of his job.

In his petition, Mr. Martin alleges that he has exhausted his administrative remedies with

respect to his claims.  He argues that he has been denied his liberty interest in his good conduct time, that the disciplinary hearing process was unlawful and not in compliance with the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the disciplinary conviction is erroneous.

The respondent contends the petition should be dismissed due to the petitioner's failure to exhaust administrative remedies.  The unusual nature of the disciplinary proceedings in this case may contribute to the confusion over the exhaustion of remedies.  Mr. Martin's initial disciplinary hearing was conducted on November 18, 2004.  There is no dispute that Martin appealed the DHO's findings of November 18, 2004.  On December 12, 2002, the petitioner filed his appeal, which was initially rejected by the Bureau of Prisons.  At the next level, however, Mr. Martin's appeal found favor.  The appeal resulted in the Bureau of Prisons, South Central Regional Office, directing the DHO to reconsider the evidence.  Mr. Martin was advised that unless new evidence was considered, he need not be present for the reconsideration by the DHO.  The reconsideration by the DHO resulted in the amended DHO report of June 20, 2003, quoted from extensively herein.  The respondent urges that Mr. Martin failed to timely appeal the amended decision of the DHO.  Mr. Martin counters that he did so but failures in the prison mail system resulted in the apparent untimeliness of his submissions.  For purposes of this finding and recommendation, we credit the petitioner's version of events and decline to dismiss the petition based upon the alleged failure to exhaust his administrative remedies.

We now address the claim that the petitioner was denied due process, and that the disciplinary conviction was erroneous and deprived him of his liberty interest in good conduct time earned at the prison.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that

due process in the context of prison disciplinary proceedings required the following: advanced written notice of the charges; a written statement by the factfinder of the evidence relied upon and the reasons for the ruling; an inmate's right to call witnesses and present documentary evidence; and the right to counsel substitutes in some instances.  A review of the record reflects all of the due process requirements were satisfied in this case.  The petitioner urges that he was deprived of due process because the DHO did not convene another hearing after the successful appeal of the petitioner.  However, the successful appeal of Mr. Martin did not entitle him a fresh start with a new hearing; rather, the Regional Director ruled, "We are directing the DHO to reconsider the evidence presented in this case.  Unless new evidence is considered, you need not be present.  An amended DHO report will be forwarded to you detailing the results of the reconsideration."  See attachment 5 to docket entry no. 9.  The amended DHO report detailed the reasons for the ruling.  Mr. Martin's claim that his conviction was improper because the statements of inmates Gillard and Lewis were recanted was squarely addressed in the amended DHO report.  The petitioner's assertions that he was denied due process are not supported by the record, and should be denied as without merit.

     Mr. Martin is challenging the validity of the September 12, 2002, disciplinary charge and the resulting loss of good conduct time.  We should note, however, that the federal courts do not provide a de novo review of a prison disciplinary court's findings.  *Cummings v. Dunn*, 630 F.2d 649, 650 (8th Cir. l980); *Willis v. Ciccone*, 506 F.2d l0ll, l0l8 (8th Cir. l974).  The only inquiry to be made by this Court is, therefore, whether "some evidence" supports the decision of the disciplinary board.  *See Superintendent v. Hill*, 472 U.S. 445, l05 S. Ct. 2768, 86 L.Ed.2d 356, 365 (l985).  *See also Brown v. Frey*, 807 F.2d l407, l4l4 (8th Cir. l986).

>This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ."  Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  We decline to adopt a more stringent evidentiary standard as a constitutional requirement.  Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Revocation of good time credits is not comparable to a criminal conviction, and neither is the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. at 455-56.

Mr. Martin urges the Court to believe his version of the events.  Specifically, he asked that the Court find that the statements of inmates Gillard and Lewis were fabricated.  The pertinent standard set forth in *Hill*, however, does not invite the Court to weigh the credibility of the witnesses.  Instead, our inquiry is whether there is any evidence to support the guilty verdict.  In this case, we have previously quoted from the amended DHO report, where the evidence cited included the statement of the reporting officer and a statement from inmate Phillips, in addition to the statements of Gillard and Lewis.  The evidence cited in the amended DHO report constitutes "some evidence" to support the disciplinary conviction, satisfying the requirement of

*Hill v. Superintendent, supra..* The DHO is charged with, among other things, evaluating the credibility of the witnesses. The petitioner's disagreement with the credibility assessment of the DHO does not overcome the ruling when there is some evidence to support the DHO's decision.

In summary, we find no merit to the various claims advanced by Mr. Martin. For the reasons stated, we recommend that the petition for habeas corpus relief be dismissed and the relief requested be denied.

IT IS SO RECOMMENDED this _6_ day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE