IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RONALD S. MARTIN
REG. #16820-057                                                                                                PETITIONER

v.                                           No. 2:05CV00090 GH

LINDA SANDERS                                                                                                RESPONDENT

On October 6th, the report and recommendations by the Magistrate Judge that the petition for habeas corpus relief be denied was filed. When the 14-day period[1] expired without objections being filed, the Court reviewed the record and adopted the recommendation by order and judgment on October 27th. Mail consisting of the order and judgment for petitioner was returned on November 8th due to the inmate not being at the FCI Forrest City, Arkansas.

Petitioner filed a notice of change of address on November 10th and a copy of the October 27th filings were mailed to him at the new address. He filed a supplemental addendum to his habeas corpus petition on November 18th.

On November 28th, petitioner filed objections to the October 6th recommended disposition with a request for reconsideration on the grounds that he was placed in transit from FCI Forrest City on September 9th and arrived at FCI Bennettsville, South Carolina on November 3rd and so did not learn of or have an opportunity to file timely objections. The Court agrees that the timing of

---

[1] The 11 days designated in the proposed findings and recommendations plus the 3 days for mailing under Civil Procedure Rule 6.

-1-

petitioner's almost 2-month transfer process prevented him from receiving the recommended disposition and filing objections. Thus, the Court will consider his objections now.

The Magistrate Judge, for purposes of the findings and recommendation, credited the petitioner's version of events as to the administrative remedies and declined to dismiss the petition based upon the alleged failure to exhaust his administrative remedies. He next addressed the claim that petitioner was denied due process and deprivation of his liberty interest. The Magistrate Judge found that the record reflected that all of the due process requirements were satisfied in this case and there was evidence to support the guilty verdict by the disciplinary board. For those reasons, he recommended that the habeas petition be dismissed and the relief requested denied.

Petitioner first argues that he did in fact exhaust all his remedies; however, as the recommended disposition did not deny relief on that basis, this argument is moot. He also argues as to the alleged falsity of some of the evidence and what he would have presented at a "proper" DHO hearing and discusses the exhibits he attaches to the objections.

The Court has once again reviewed the record, including petitioner's November 18th supplemental addendum and the November 28th objections, and finds that the October 27th order and judgment, as supplemented by this order, still remain in effect.

IT IS SO ORDERED this 2nd day of December, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE